The North Wisconsin Lumber Company, Appellant, vs. The American Express Company, Respondent.

*February 21 — March 12, 1889.*

*Collection of draft by express company: Payments: Application.*

In an action to recover the amount of a draft alleged to have been collected by the defendant, it appeared that before receiving said draft the defendant had received other drafts upon the same debtor for collection, and that the debtor in making payments had not directed the application thereof. *Held*, that to maintain the action the plaintiff must show that the, debtor had paid to the defendant a sum more than sufficient to satisfy the other drafts.

APPEAL from the Circuit Court for *Chippewa* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Jenkins & Jenkins*, and oral argument by *John J. Jenkins*. They cited *Bardwell v. Am. Exp. Co.* 35 Minn. 344.

For the respondent there was a brief by *Rusk & Boland*, and oral argument by *L. J. Rusk*.

TAYLOR, J.   This action was brought to recover of the respondent the amount due upon a draft or bill of exchange drawn by the appellant upon one W. S. Craig, and delivered by appellant to the express company for collection.   The complaint charged that the said W. S. Craig paid the amount of the draft to the said express company for the use of the plaintiff, and that the company has failed to pay the amount or any part thereof to the plaintiff.   The answer was a denial of all the material allegations of the complaint.   On the trial in the circuit court the learned circuit judge directed a verdict for the defendant, and from the judgment entered upon such verdict the plaintiff appealed to this court.

The appellant alleges that it was error for the court to direct a verdict against it upon the evidence offered by the respective parties on the trial.   After reading the evidence contained in the bill of exceptions, it seems to us that the plaintiff failed to show by any satisfactory evidence that the said W. S. Craig, or any other person for him, had paid said draft or any part of it to the express company.   This was the only issue in the case.   The burden of proof was on the plaintiff to show that said Craig had paid the amount of the draft or some part thereof to the company before the commencement of this action, in order to entitle it to recover.   Craig was the only witness called by the appellant to establish the fact that the company had collected the draft in question.   On the direct examination of this witness he testified that he paid the amount of this draft to one Burns, the agent of the express company, on the 25th of February, 1884.   On his cross-examination, he testified that he paid it by a check delivered to said agent on said day for the sum of $425, and in no other way.   It appeared on the trial that Burns, the agent of the company, absconded, on the same day or in the evening after said alleged payment.

The evidence in the case clearly shows that on and before the 20th of February, 1884, the express company had in its hands for collection three other drafts drawn upon said Craig, one by the Chicago Lumber Company for $993.39, one by Bardwell, Robinson & Co. for $351.81, and one by Max Meyer for $25. These three drafts had been received by said express company previous to the date of the receipt of the draft in question in this case, and were entitled to preference in payment, out of any money delivered or paid to the express company by Craig, to the draft of the plaintiff. The evidence clearly shows that on the 20th of February, 1884, there was due and unpaid on the Chicago Lumber Company draft $593.39, and that nothing had been then paid on the Bardwell, Robinson & Co. draft, or on the Meyer draft. It also appears from the evidence that the express company had been sued by the Chicago Lumber Company for the $593.39 due on their draft, and by Bardwell, Robinson & Co. for the amount of their draft for $351.81, and that the plaintiffs in each of these actions had recovered of the defendant the amounts claimed by them in their several actions. The witness Craig gave no positive testimony showing any payments upon either of the three drafts, amounting in all to the sum of about $1,229, except a check for $350, paid February 20, and a check for $425, paid February 25, 1884.

We think it was necessary, in order to charge the defendant company with the amount of the draft in question, that the plaintiff should show by his evidence that Craig had paid into the hands of the company a sum more than sufficient to satisfy the other drafts which had preference in payment to the draft in question in this case. It is clear that this was necessary, because Craig does not pretend to testify that any part of the two checks of which he speaks in his testimony were paid to the agent of the defendant to be applied in the payment of any particular draft in the

hands of the company, but were to be applied in the payment of any drafts held by the company for collection, and in such case it would be the duty of the company to apply them upon the drafts in the order of their receipt as to time.

We find no evidence showing the receipt of any money by the company from Craig which they ought to have applied in payment of the draft of the plaintiffs.

*By the Court.*— The judgment of the circuit court is affirmed.